## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

**ALLIED TRUST INSURANCE COMPANY**              CIVIL ACTION

**VERSUS**                                                   NO. 21-494-WBV-DPC

**BRANDI DONELON, ET AL.**                        SECTION: D (4)

### ORDER AND REASONS

Before the Court is a Rule 12b(6) Motion to Dismiss filed by defendants, Michael Donelon, Jr. and Brandi Donelon ("Defendants" or "the Donelons").[1] Plaintiff, Allied Trust Insurance Company ("Allied Trust"), opposes the Motion.[2] After careful consideration of the parties' memoranda and the applicable law, the Motion is **DENIED.**

## I.      FACTUAL AND PROCEDURAL BACKGROUND

This is a dog bite case in which Allied Trust seeks a declaratory judgment that it has no obligation to defend or indemnify its insureds, the Donelons, for the claims asserted against them by Holly Brown stemming from an alleged attack by the Donelons's dog.  On or about November 17, 2020, Brown filed a Petition for Damages in the 24th Judicial District Court for the Parish of Jefferson, Louisiana, against the Donelons and ABC Insurance Company ("ABC"), the Donelons's insurance company.[3] In her Petition for Damages, Brown asserts that the Donelons own a dog, which resides with them at 3705 Lake Catherine Drive in Harvey, Louisiana 70055 (the

---

[1] R. Doc. 32.
[2] R. Doc. 35.
[3] R. Doc. 27-1.

"Residence").[4]  She further asserts that on November 27, 2019, the Donelons's "large dog, which was unleashed and unsupervised, aggressively rushed towards petitioner, which resulted in a violently [sic] fall."[5]  Brown seeks to recover under theories of strict liability and negligence pursuant to La. Civ. Code arts. 2321, 2315, and/or 2317, claiming that the Donelons and ABC were responsible for the animal attack and additional damages she sustained.[6]  She specifically asserts that the following actions and/or inactions caused her damages:

> a) Failure to respond to unsafe conditions upon the property;
> b) Allowing the existence of unsafe conditions upon the property;
> c) Not properly maintaining the property (including the property's grounds);
> d) Negligent supervision and/or maintenance of the property and its component parts;
> e) Failing to warn visitors, guests and/or invitees about deficiencies in the property;
> f) Failing to warn visitors, guests and/or invitees about hazards upon the property;
> g) Failing to warn petitioner of the existence of the hazard at issue herein;
> h) Failing to provide safe and/or adequate means of ingress or egress to the property at issue;
> i) Failing to follow the Jefferson Parish leash laws;
> j) Failing to properly supervise their large dog;
> k) Failure to exercise reasonable care;
> l) Not timely correcting and/or fixing the hazard at issue herein; and
> m) These acts of negligence are pleaded specifically herein and are in addition to other acts of negligence which will be shown at the trial of this matter.[7]

---

[4] *Id.* at ¶¶ 3 & 4.
[5] *Id.* at ¶4.
[6] R. Doc. 27, Exhibit A ¶¶ 6–8.
[7] *Id.* at ¶ 6.

On March 9, 2021, Allied Trust filed a Complaint for Declaratory Judgment in this Court, seeking a judicial declaration that it has no obligation to defend or indemnify the Donelons from the claims asserted by Brown.[8]  Allied Trust asserts that it issued Policy No. 732683 (the "Policy") to the Donelons for their Residence, which was effective from February 2, 2019 to February 2, 2020.[9]  Allied Trust asserts that this Policy was in effect at the time of Brown's alleged November 27, 2019, animal attack and contained the following liability exclusion for animals:

> E.   **Coverage E – Personal Liability And Coverage F – Medical Payments To Others**
>
> Coverages **E** and **F** do not apply to the following:
>
> \*        \*        \*
>
> **12.    Animals**
> "Bodily injury" or "Property Damage" caused by or originating from or in connection with, in whole or in part, any animal owned or kept by any "insured", or in the care, custody or control of any "insured", or that of your employee, agent, visitor or tenant whether or not the injury or damage occurs on the "residence premises", on the "residence premises" with your or any "insured's" permission, or any other location.[10]

Allied Trust further asserts that the Declaration page of the Policy notes that, "This Policy does not provide liability coverage for losses caused by any animals."[11] Pursuant to this policy language, Allied Trust argues that it is entitled to a declaration that the Policy does not provide coverage to the Donelons, or any other

---

[8] R. Doc. 1.
[9] *Id.* at ¶ 12.
[10] *Id.* at ¶ 14.
[11] *Id.* (internal quotation marks omitted).

defendant, for Brown's claims, and that Allied Trust has no obligation to defend or indemnify the Donelons regarding same.[12]

At the Court's request,[13] Allied Trust filed a First Amended Complaint for Declaratory Judgment on March 17, 2021 to clarify its allegations regarding the Court's jurisdiction over this matter.[14] Thereafter, on August 2, 2021, Allied Trust filed a Second Amended Complaint for Declaratory Judgment (the "Second Amended Complaint"), maintaining its request for a declaratory judgment regarding its obligation to defend and indemnify the Donelons for the claims asserted by Brown, and further seeking a judicial declaration that its Policy does not provide coverage for the claims asserted by Brown against the Donelons.[15]  Plaintiff's Second Amended Complaint alleges the same factual background as recited herein.

On October 7, 2021, the Donelons filed the instant Motion, seeking to dismiss the Second Amended Complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6).[16]  The Donelons assert that Allied Trust has failed to state a claim upon which relief can be granted because "Allied Trust failed to address how it should not provide coverage or indemnification for eight independent causes of action that have no relation to animals."[17]  Specifically, the Donelons are referring to the first eight "actions and/or inactions" alleged in Brown's state court petition, which refer to the

---

[12] *Id.* at ¶ 15.
[13] R. Doc. 5.
[14] R. Doc. 6.  The Court notes that the First Amended Complaint is otherwise identical to the original Complaint.
[15] R. Doc. 27.
[16] R. Doc. 32.
[17] R. Doc. 32-1 at p. 1.

conditions of the property where Brown fell and do not mention animals.[18]   The Donelons claim that since Allied Trust relies on a policy exclusion regarding animals, which neither mentions nor excludes coverage for the various property conditions alleged by Brown, Allied Trust has failed to state a claim.[19]  The Donelons further assert that Allied Trust has failed to state a claim because the Policy excludes coverage for the Donelons' animals, not Brown's animals.[20]  The Donelons contend that Brown's alleged damages were not caused by their dog, but were caused by Brown's dog.[21]

Allied Trust opposes the Motion, asserting that it has met the pleading requirements under Federal Rule of Civil Procedure 8(a) because a straightforward reading of its Second Amended Complaint shows it has stated a plausible cause of action against the Donelons.[22]  Allied Trust claims its Second Amended Complaint provides "concise allegations setting forth the events leading up to the subject loss incurred by Ms. Brown; the allegations Ms. Brown has raised against the Defendants regarding the cause of that loss being the Donelons' dog; and the relevant Allied Trust Policy language that would exclude such loss from coverage."[23]  Additionally, Allied Trust asserts that rather than testing the plausibility of the well pled facts in the Second Amended Complaint, the Donelons challenge the plausibility of those facts by addressing alternate theories of what could have caused Brown's injuries.[24]  Allied

---

[18] *Id.* at pp. 2-3; *See,* R. Doc. 27-1 at ¶ 6.
[19] R. Doc. 32-1 at pp. 5-6.
[20] *Id.* at p. 6.
[21] *Id.*
[22] R. Doc. 35.
[23] *Id.* at p. 4.
[24] *Id.* at pp. 3 & 4.

Trust contends that a motion to dismiss is not the proper mechanism for determining disputed issues of fact, as it is only a test of legal plausibility of the well pled facts.[25] Allied Trust argues that "the mere allegation of competing facts is insufficient to demonstrate 'beyond doubt that the plaintiff could prove no set of facts entitling it to relief.'"[26]

Allied Trust further points out that Brown's Petition for Damages refers to the single factual allegation that she was injured by "Michael Donelon, Jr. and Brandi Donelons's large dog, which was unleashed and unsupervised, aggressively rushed towards petitioner, which resulted in a violently(sic) fall.  As a result of the hazardous and dangerous condition on the property, as well as the lack of any warning regarding same Holly Brown suffered severe injuries."[27]  Allied Trust argues that although Brown's eight claims regarding the conditions of the property near where she fell do not specifically refer to animals, they are covered under the Policy because "the only reasonable conclusion to be drawn from Ms. Brown's allegations is that the Donelons' dog is the unsafe condition, defect, or hazard mentioned in the above legal allegations."[28]  Allied Trust further notes that the Donelons are not asserting that all of Allied Trust's claims are insufficient, as they only assert that the first eight claims, which do not reference animals, fail to state a claim under Rule 12(b)(6).[29]  According to Allied Trust, "The Donelons tacitly admit that several of the alleged cause [sic] of

---

[25] *Id.* at p. 4.
[26] *Id.* at p 4 (quoting *Ash Creek Min. Co. v. Lujan*, 969 F.2d 868, 870 (10th Cir. 1992)).
[27] R. Doc. 35 at p. 5 (*quoting* R. Doc. 23-1 at ¶ 4).
[28] R. Doc. 35 at p. 5.
[29] *Id.* at p. 6.

action do directly involve the Donelons' dog and therefore would be subject to the relevant policy exclusion."[30]  Thus, Allied Trust asserts that by requesting that the entire case be dismissed, the Donelons are asking this Court to go beyond a Rule 12(b)(6) evaluation and address the merits of Allied Trust's entire case, which is improper.[31]  As such, Allied Trust asserts that the Motion should be denied.

## II.   LEGAL STANDARD

### A. Fed. R. Civ. P. 12(b) Motion to Dismiss

Under Federal Rule of Civil Procedure 12(b)(6), a defendant can seek dismissal of a complaint, or any part of it, for failure to state a claim upon which relief may be granted.[32]  To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[33]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[34]  "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully."[35]  "In short, a claim should only be dismissed if a court

---

[30] *Id.*

[31] *Id.* at p. 6.

[32] Fed. R. Civ. P. 12(b)(6).

[33] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

[34] *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Ashcroft*, 556 U.S. at 678, 129 S.Ct. at 1949) (quotation marks omitted).

[35] *Iqbal*, 556 U.S. at 679, 129 S.Ct. at 1949 (quotation omitted).

determines that it is beyond doubt that the claimant cannot prove a plausible set of facts that support the claim and would justify relief."[36]

A court must accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.[37]  The Court, however, is not bound to accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions. [38] "Dismissal is appropriate when the complaint on its face shows a bar to relief."[39]  The Fifth Circuit has held that a motion to dismiss under Rule 12(b)(6) is generally disfavored and is rarely granted.[40]  In deciding a Rule 12(b)(6) motion to dismiss, a court is generally prohibited from considering information outside the pleadings, but may consider documents outside of the complaint when they are: (1) attached to the motion; (2) referenced in the complaint; and (3) central to the plaintiff's claims.[41]

## III.   ANALYSIS

As an initial matter, the Court finds that, in determining whether to grant the Donelons' Motion to Dismiss, the Court can consider matters outside of the pleadings, specifically the Policy and Brown's Petition for Damages, because they were attached as exhibits to and referenced in Allied Trust's Second Amended Complaint,[42] and

---

[36] *Croix v. Provident Trust Group, LLC.*, 2019 WL 6716066 (W.D. Tex. Dec. 9, 2019) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

[37] *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012) (quoting *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)).

[38] *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005).

[39] *Cutrer v. McMillan*, 308 Fed.Appx. 819, 820 (5th Cir. 2009) (quotation and internal quotation marks omitted).

[40] *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)).

[41] *Maloney Gaming Mgmt., LLC v. St. Tammany Parish*, 456 Fed.Appx. 336, 340-41 (5th Cir. 2011).

[42] *See* R. Docs. 27-1 & 27-2.

because they are central to Allied Trust's action for declaratory judgment.[43]   The Court further finds that, because Allied Trust has invoked the Court's diversity jurisdiction under 28 U.S.C. § 1332, the Court must apply the substantive law of the forum state, Louisiana.[44]   Under Louisiana law, "An insurance policy is a contract between the parties and should be construed by using the general rules of interpretation of contracts set forth in the Louisiana Civil Code."[45]   Further, "Interpretation of a contract is the determination of the common intent of the parties."[46]   Louisiana law provides that, "When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent."[47]   Further, "The words of a contract must be given their generally prevailing meaning.   Words of art and technical terms must be given their technical meaning when the contract involves a technical matter."[48]

Applying the standards that govern a Rule 12(b)(6) motion to dismiss, the Court finds that Allied Trust has alleged sufficient facts to state a claim for relief that is plausible on its face.[49]   Allied Trust asserts that "Brown filed a Petition for Damages against the Donelons and ABC Insurance Company, as the insurer of the Donelons, alleging that they were responsible for an animal attack, and additional damages, under theories of strict liability and negligence."[50]

---

[43] *See Maloney Gaming Mgmt., LLC v. St. Tammany Parish*, 456 Fed.Appx. 336, 340-41 (5th Cir. 2011).
[44] *Wiley v. State Farm Fire & Cas. Co.* 585 F.3d 206, 210 (5th Cir. 2009).
[45] *Cadwallader v. Allstate Ins. Co.*, 02-1637, p. 3 (La. 6/27/03), 848 So.2d 577, 580.
[46] La. Civ. Code art. 2045.
[47] La. Civ. Code art. 2046.
[48] La. Civ. Code art. 2047.
[49] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).
[50] R. Doc. 27 at ¶ 8.

Allied Trust further asserts that it had a Policy with the Donelons that was effective at the time of Brown's alleged November 27, 2019 animal attack, and contained a provision excluding liability for "'Bodily injury' or 'Property Damage' caused by or originating from or in connection with, in whole or in part, any animal owned or kept by any 'insured . . . .'"[51]   Although the Donelons assert that the Policy is inapplicable because they contend that Brown's dog, rather than their dog, caused the accident,[52] under Fifth Circuit precedent, the Court must accept as true the allegations in the Second Amended Complaint that the Donelons's dog caused the alleged accident.[53]   Thus, while the Donelons dispute the underlying facts that gave rise to Brown's alleged injuries, the Donelons have failed to show that "it is beyond doubt" that Allied Trust cannot prove a plausible set of facts that support their claims and would justify relief in this matter.[54]

Additionally, there is no dispute that the Policy includes a provision that excludes coverage for any "'Bodily injury' or 'Property Damage' caused by or originating from or in connection with, in whole or in part, any animal owned or kept by any 'insured' . . . whether or not the injury or damage occurs on the 'residence premises' . . . or any other location."[55]  While Allied Trust seeks to apply this exclusion to eight of Brown's claims that concern the "conditions upon the property" near where

---

[51] *Id.* at ¶¶ 11–13.
[52] R. Doc. 32-1 at pp. 5 & 6.
[53] *See Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012) (quoting *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)).
[54] *Croix v. Provident Trust Group, LLC.*, 2019 WL 6716066 (W.D. Tex. Dec. 9, 2019) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).
[55] R. Doc. 27 at ¶ 13; R. Doc. 32-1 at pp. 3-4 & 6.

she fell, which do not mention animals,[56] it is evident from Brown's Petition that all eight claims are based upon Brown's single factual allegation that she was injured when the Donelons's "large dog, which was unleashed and unsupervised, aggressively rushed towards petitioner, which resulted in a violenty [sic] fall."[57]  This is clear from the fact that in the very next sentence, Brown asserts that, "As a result of the hazardous and dangerous condition on the property, as well as the lack of any warning regarding same, **HOLLY BROWN** suffered severe injuries."[58]  Thus, as Allied Trust asserts, "The only reasonable conclusion to be drawn from Ms. Brown's allegations is that the Donelons' dog is the unsafe condition, defect, or hazard mentioned in the above legal allegations."[59]  For these reasons, and because Rule 12(b)(6) motions to dismiss are generally disfavored and rarely granted in this Circuit,[60] the Court finds that Allied Trust has stated a plausible claim against the Donelons and that the instant Motion must be denied.

## IV.    CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the Rule 12b(6) Motion to Dismiss,[61] filed by Michael Donelon, Jr. and Brandi Donelon, is **DENIED.**

New Orleans, Louisiana, January 11, 2022.

**WENDY B. VITTER**
**United States District Judge**

---

[56] R. Doc. 27 at pp. 3-5; R. Doc. 27-1 at ¶ 6.
[57] R. Doc. 27-1 at ¶ 4.
[58] *Id.* (emphasis in original).
[59] R. Doc. 35 at p. 5.
[60] *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)).
[61] R. Doc. 32.