UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ALLIED TRUST INSURANCE COMPANY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-494-WBV-DPC** |
| **BRANDI DONELON, ET AL.** | **SECTION: D (2)** |

## ORDER AND REASONS

Before the Court is a Motion for Summary Judgment for Lack of Insurance Coverage, filed by Allied Trust Insurance Company ("Allied Trust").[1]

Local Rule 7.5 of the Eastern District of Louisiana requires that memoranda in opposition to a motion be filed eight days prior to the noticed submission date. The instant Motion had a submission date of February 22, 2022.[2] As of the date of this Order, no memorandum in opposition has been submitted.

In its Complaint for Declaratory Judgment, Allied Trust seeks a judicial declaration that: (1) it has no obligation to defend or indemnify its insureds, Michael Donelon, Jr. and Brandi Donelon (collectively, the "Donelons"), or any other defendant, in relation to the damages sustained by Holly Brown that stem from the Donelons' dog allegedly aggressively running towards Brown and causing her to fall; and (2) the policy of insurance issued by Allied Trust to the Donelons, Policy No. 732683, does not provide coverage for the claims asserted by Brown.[3]

---

[1] R. Doc. 48.
[2] *Id*.
[3] R. Doc. 1.

The Court finds that Allied Trust has alleged sufficient facts to show that the Policy clearly and unambiguously excludes coverage for losses caused by any animal "owned or kept by" or "in the care, custody, or control" of the Donelons.[4] The Court has already determined that, "there is no dispute in this case that the underlying Policy includes a provision that excludes coverage for any 'Bodily injury' or 'Property Damage' caused by or originating from or in connection with, in whole or in part, any animal owned or kept by any 'insured' . . . whether or not the injury or damage occurs on the 'residence premises' . . . or any other location."[5] The Court has also already determined that eight claims asserted by Brown against the Donelons in her state court petition are based upon the single factual allegation that she was injured when the Donelons' "large dog, which was unleashed and unsupervised, aggressively rushed towards petitioner, which resulted in a violently [sic] fall."[6] The Court now finds that Allied Trust has shown that Brown's remaining five claims are also based solely upon her injuries from the attack by Donelons' dog and, as such, are not covered under the Policy issued by Allied Trust.[7] Accordingly, Allied Trust is entitled to a declaratory judgment that the Policy does not provide coverage for the claims asserted by Brown against the Donelons.

The Court further finds that Allied Trust has shown that it has no duty to defend the Donelons against the claims asserted by Brown. "The issue of whether a

---

[4] R. Doc. 48-1 at pp. 2-3 & 6-10.
[5] R. Doc. 44 at p. 10 (*quoting* R. Doc. 27 at ¶ 13; R. Doc. 32-1 at pp. 3-4 & 6) (internal quotation marks omitted).
[6] R. Doc. 44 at pp. 10-11 (*quoting* R. Doc. 27-1 at ¶ 4) (internal quotation marks omitted).
[7] R. Doc. 48-1 at pp. 8-10.  *See*, R. Doc. 27-1 at ¶ 6.

liability insurer has the duty to defend a civil action against its insured is determined by application of the 'eight corners rule,' under which an insurer must look to the 'four corners' of the plaintiff's petition and the 'four corners' of [the insurer's] policy to determine whether it owes that duty."[8] It is well established in Louisiana that an insurer's duty to defend is generally broader than an insurer's liability for damage claims.[9] Nonetheless, "it is well recognized in Louisiana jurisprudence that when an exclusion is applicable as a matter of law (i.e., no coverage), the insurer owes no duty to defend and thus, no duty to indemnify, its insured."[10] As recognized by another Section of this Court, Louisiana courts have held that an insurer's duty to defend terminates once the undisputed facts establish that claims asserted in the petition are not covered under the policy.[11] In this case, the undisputed facts, as asserted by Allied Trust, show that the Donelons' insurance policy clearly excludes coverage for the claims asserted by Brown against the Donelons stemming from her bodily injuries

---

[8] *Southern Snow Mfg. Co., Inc. v. SnoWizard Holdings, Inc.*, 921 F. Supp. 2d 548, 566 (E.D. La. 2013) (Brown, J.) (quoting *Stanley v. Trinchard*, Civ. A. No. 02-1235, 2008 WL 2185433, at *5 (E.D. La. May 27, 2008) (Africk, J.)) (internal quotation marks omitted).

[9] *Southern Snow*, 921 F. Supp. 2d at 566 (citing *American Home Assur. Co. v. Czarniecki*, 230 So.2d 253, 259 (La. 1969)).

[10] *New Hampshire Ins. Co. v. Barrett*, Civ. A. No. 01-2929, 2002 WL 1308585, at *3 (E.D. La. June 12, 2002) (Porteous, J.) (citing *Pylant v. Lofton*, 626 So.2d 83, 86-88 (La. App. 3 Cir. 1993); *Crabtree v. Hayes-Dockside, Inc.*, 612 So.2d 249, 251 (La. App. 4 Cir. 1992); *Usner v. Strobach*, 591 So.2d 713, 727-29 (La. App. 1 Cir. 1991); *Siat v. Fauria*, 494 So.2d 1224, 1226 (La. App. 5 Cir. 1986)). *See*, *Maldonado v. Kiewit Louisiana Co*, 2013-0756, p. 15 (La. App. 1 Cir. 3/24/14), 146 So.3d 210, 221 ("the duty of an insurer to defend is triggered when the petition suggests the potential for coverage; however, when an event occurs which shows that coverage is unambiguously excluded, the duty to defend the insured terminates.") (citing authority).

[11] *Southern Snow*, 921 F. Supp. 2d at 567 (citing *Allstate Insur. Co. v. Roy,* 94-1072 (La. App. 1 Cir. 4/7/95), 653 So.2d 1327). *See*, *Stanley*, Civ. A. No. 02-1235, 2008 WL 2185433, at *9 ("[A]n insurer's duty to defend exists until the insurer can establish by undisputed facts that the insured's conduct is not covered.") (citing *Roy, supra,* at 1333); *West v. Bd. Of Comm'rs of Port of New* Orleans, 591 So.2d 1358, 1360 (La. App. 4 Cir. 1991) ("Even though the duty to defend is broader than the question of liability, when in a summary judgment the trial court decides as a matter of law the exclusion is applicable, meaning there is no coverage, then of course there is no duty to defend.").

caused by an animal owned by the Donelons. Thus, under the foregoing precedent, Allied Trust has no duty to defend or indemnify Defendants under its Policy, and is entitled to a declaratory judgment to that effect.

Accordingly, because the Motion is unopposed, and further, it appearing to the Court that the Motion has merit for the reasons stated, **IT IS HEREBY ORDERED** that the Motion for Summary Judgment for Lack of Insurance Coverage [12] is **GRANTED.**

New Orleans, Louisiana, March 21, 2022.

*Wendy B. Vitter*
**WENDY B. VITTER**
**United States District Judge**

---

[12] R. Doc. 48.